## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TODD WEBSTER, | ) | CASE NO. 3:15-cv-907 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GREGORY SPEARS, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is defendant's motion to dismiss. (Doc. No. 7 ["Motion"].) Plaintiff filed his opposition (Doc. No. 8 ["Opp'n"]) and defendant filed a reply (Doc. No. 9 ["Reply"]). For the reasons discussed herein, the motion is granted.

### I. BACKGROUND

On June 1, 2013, plaintiff, Todd Webster ("Webster" or "plaintiff"), filed *Webster v. Spears*, Case No. 1:13-cv-1218 (the "first case"), alleging that, on August 8, 2009, when he was a juvenile detained at a juvenile correctional facility in Ohio, he was subjected to excessive force by defendant, Gregory Spears ("Spears" or "defendant"), a juvenile correctional officer then employed by the facility, who was sued solely in his individual capacity. Because Webster was a minor at the time of the incident, his cause of action did not accrue until he reached the age of majority on June 1, 2011. *See* Ohio Rev. Code § 3109.01. Therefore, to be timely, his § 1983 action had to be filed by June 1, 2013, the very day he filed it. *See Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985) (in a § 1983 action, the court should apply the relevant state statute of limitations for recovery of damages for personal injuries); *Browning*

v. *Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (two-year statute of limitations for actions for bodily injury "is the appropriate statute of limitations for actions arising in Ohio under 42 U.S.C. § 1983") (citing Ohio Rev. Code § 2305.10).

Even after seeking and receiving several extensions of time,[1] Webster never managed to serve Spears with the summons and complaint, apparently because of his inability to locate him. On April 23, 2014, the Court issued a Memorandum Opinion and Order indicating that "it [had] already granted plaintiff *more* than an 'appropriate period' of time for service of the summons and complaint filed on June 1, 2013." (Doc. No. 16 at 62, emphasis in original.) The Court further noted that its own "review of the record in this case reveals no specific steps that plaintiff has taken to locate defendant on his own, other than belatedly hiring a process server whose efforts have been unsuccessful." (*Id.*, footnote omitted.) The Court then once again extended the previously-granted "final" April 14, 2014 deadline for service, warning plaintiff that "[f]ailure to effect service upon defendant Spears by May 7, 2014, shall result in dismissal of the case." (*Id.*

---

[1] Although the time limit for service of process under Fed. R. Civ. P. 4(m) is currently 90 days, at all relevant times herein, it was 120 days. The 120-day period to serve Spears would have expired on September 29, 2013, a Sunday. On September 26, 2013, Webster moved for an extension of time to serve the summons and complaint. In the motion itself, he sought "an extension of 45 days" (Doc. No. 4 at 23), although in the docket entry for his motion, he specified that he was seeking an extension "until November 13, 2013[.]" (*See* docket text for Doc. No. 4.) On November 15, 2013, by non-document order, the Court granted the extension to November 13, 2013, a date that plaintiff now criticizes as "odd[,]" since it was two days before the order. (*See* Opp'n at 38.) On December 2, 2013, Webster filed a motion seeking a 60-day extension. (Doc. No. 7.) As before, his docket entry specified a precise date (January 12, 2014) as his newly-sought deadline; but, this time, a quality control clerk caught the discrepancy and modified the docket language by removing the specific date. (*Compare* current docket entry to entry on the original receipt.) On December 4, 2015, the Court, by non-document order, granted "an additional extension of 60 days to locate and complete service on defendant." By the Court's count (from the date of the order, not from the original, missed deadline), at the latest that would have given plaintiff until February 3, 2014 to serve Spears. On February 12, 2014 (which was one month after even the date that *he* had specified in his original docket text), Webster filed another motion seeking yet another 60-day extension, once again docketing it as seeking an extension to a date specific (April 13, 2014 – a Sunday). Although a quality control clerk modified the docket entry to add defendant's name, this time the clerk did not remove the date. On March 18, 2014, the Court granted plaintiff's motion for extension, assigning the "final" deadline for service as April 14, 2014 (a Monday). (*See* Doc. No. 10.) Later, on April 23, 2014, while granting a motion of non-party Ohio Department of Youth Services to quash a subpoena, the Court set yet another final deadline of May 7, 2014. (Doc. No. 16.) That date passed, with no service.

at 63.) On May 9, 2014, pursuant to the Court's warning, the case was dismissed. (*See* First Case, Doc. No. 17.)

On May 8, 2015, plaintiff filed the instant action against Spears (the "second case"), indicating that it was a refiling of the first case. The docket reflects that issuance of an original summons was requested and accomplished on August 21, 2015, and that personal service was executed upon Spears on August 26, 2015. On September 16, 2015, Spears filed his motion to dismiss, arguing that this Court lacks subject matter jurisdiction because Ohio's Savings Statute does not apply.

## II. DISCUSSION

Webster is attempting to avail himself of Ohio's Savings Statute, which provides in relevant part:

> In any action that is commenced or attempted to be commenced, if in due time … plaintiff fails otherwise than upon the merits, the plaintiff … may commence a new action within one year after the date of … the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. …

Ohio Rev. Code § 2305.19(A). The Sixth Circuit has determined that where, as here, a court "use[s] a state's Statute of Limitations, [it] also use[s] its procedural rules affecting that Statute of Limitations[,]" including any savings statute. *Coleman v. Dep't of Rehab. & Corr.*, 46 F. App'x 765, 769 (6th Cir. 2002) (citation omitted).

In *Coleman*, needing to determine whether there had been an "attempt to commence" within the meaning of Ohio's rules and court decisions, the Sixth Circuit looked to *Thomas v. Freeman*, 680 N.E.2d 997 (Ohio 1997) and *Mustric v. Penn Traffic Corp.*, No. 00AP-277, 2000 WL 1264526 (Ohio Ct. App. Sept. 7, 2000), and concluded that, while neither was completely on point, each provided insight as follows:

3

> *Mustric* is persuasive for its view that a plaintiff whose case is dismissed due to his own neglect cannot later take advantage of the Savings Statute. This is especially helpful as a logical extension of *Thomas,* wherein the Ohio Supreme Court held the Savings Statute can be invoked by a plaintiff who followed the proper statutory service procedures, even if service nonetheless failed. If this issue were presented, we believe the Ohio Supreme Court would follow *Mustric* and adopt the perfectly logical rule that a plaintiff cannot benefit from the Savings Statute where the dismissal was due to the plaintiff's own neglect.

*Coleman*, 46 F. App'x at 770.

In his motion to dismiss, defendant relies upon *Coleman* to "invoke[ ] a type of fault requirement[.]" (Motion at 33.) Defendant asserts that *Coleman* "conclud[ed] [that] a plaintiff cannot invoke the Ohio Savings Statute if the reason the action was dismissed was the plaintiff's failure to follow the correct procedures." (*Id.*) Therefore, according to defendant, "[p]laintiff cannot invoke the Ohio Savings Statute to save his Complaint because the dismissal of his original action was the result of his own, repeated neglect." (*Id.* at 34.)

There is no dispute that, in order to "save" the second case from being barred by the statute of limitations, Ohio's savings statute requires the following: (1) the first case must have been dismissed "otherwise than upon the merits[;]" and (2) the first case must have been "commenced or attempted to be commenced[.]" Ohio Rev. Code § 2305.19(A). Satisfaction of the first requirement is not in dispute here.

Under Ohio's procedural rules, "[a] civil action is *commenced* by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" Ohio R. Civ. P. 3(A) (emphasis added). In other words, "commencement of an action for purposes of the savings statute includes effective service of process." 66 Ohio Jur. 3d Limitations

and Laches § 133 (March 2016) (footnote citing cases omitted).[2] There is no dispute that the first case was not "commenced" within the meaning of Rule 3(A). The dispute here relates entirely to "attempted" commencement.

The only way the instant case is protected by the savings statute is if the first case was "attempted to be commenced." Ohio's Rule 3(A) does not define "attempted" commencement, but Ohio case law does: "We hold that the *attempted* commencement provision of R.C. 2305.19 requires only that a [p]laintiff has taken action to effect service on a defendant *within the applicable limitations period* according to one of the methods provided in the Civil Rules." *Schneider v. Steinbrunner*, No. 15257, 1995 WL 737480, at *4 (Ohio Ct. App. Nov. 8, 1995) (emphasis added).[3] In *Schneider*, the court concluded that "a valid request for service pursuant to Civ. R. 4.1 was filed with the clerk," *id.* at *3 (i.e., a request for service by certified mail), and that request satisfied the "attempted commencement alternative."[4] *See also Shanahorn v. Sparks*, No. 99AP-1340, 2000 WL 861261, at *6 (Ohio Ct. App. June 29, 2000) ("[b]oth [plaintiff's] original complaint and request for service of summons were submitted prior to expiration of the statute of limitations") (cited by *Coleman*).

The "methods provided in the [federal] Civil Rules" for service on a defendant include:

(1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

---

[2] The federal counterpart of Ohio's Rule 3 states only that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. But to determine applicability of Ohio's Savings Statute, the Court must look to Ohio rules. *Coleman*, 46 F. App'x at 769.

[3] In *Schneider*, plaintiff brought a state personal injury claim governed by the same 2-year statute of limitations that controls Webster's § 1983 claim in this Court.

[4] The court in *Schneider* also noted that Ohio's Savings Statute "does not impose a due diligence requirement upon its attempted commencement alternative. Neither does it require a plaintiff whose efforts at service are unsuccessful to show good cause why service was not made, as Civ. R. 4(E) does." *Schneider*, 2005 WL 1322713, at * 3.

5

    (2)      doing any of the following:

        (A)    delivering a copy of the summons and of the complaint to the individual personally;

        (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

        (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). State law methods of service in Ohio are similar to these federal methods, including service by the clerk (by way of certified or express mail, or commercial carrier service), personal service, or residence service.[5] *See* Ohio R. Civ. P. 4.1. In addition, Ohio R. Civ. P. 4.4(A)(1) provides a method for service by publication when "the residence of the defendant is unknown[.]"

    Here, in the first case, plaintiff took no action to effect service "within the applicable limitations period," as required by Ohio law in order to "attempt" commencement for purposes of the savings statute. Plaintiff did not request service by the clerk by certified mail when he filed his complaint on June 1, 2013, the very day that the statute of limitations expired. Nor did he file a praecipe for issuance of the summons, so he could personally serve the defendant.[6] Nor did he request service by publication because the residence of the defendant was unknown. Had he done so, the analysis would be complete and defendant's motion to dismiss would be denied because,

---

[5] Under the Local Rules of the Northern District of Ohio, if a person plans to use service by mail, as permitted in Ohio, a particular procedure must be followed to equip the Clerk of this Court with the ability to effect such service. *See* L.R. 4.2.

[6] Plaintiff finally filed a praecipe for issuance of a summons by the clerk on October 15, 2013, a date that fell *after* the expiration of the statute of limitations (June 1, 2013) and, for that matter, even *after* the 120-day period for service under the federal rules (September 29, 2013). Given that he had no summons until October 17, 2013, when the Clerk issued it, he was clearly unable to perfect personal service before that date, even if he had tried.

although service was never accomplished, the two conditions to satisfy the savings statute, within the meaning of Ohio law, would have been met.

In his opposition brief, plaintiff seems to suggest that it is enough that he made "repeated, persistent attempts to locate and serve the [d]efendant," (Opp'n at 41), but was unable to do so. He relies upon *Thomas v. Freeman*, 680 N.E.2d 997 (Ohio 1997) to support an argument that his first case was dismissed otherwise than on the merits, a fact not challenged by defendant, while ignoring *Thomas*' instruction that the Ohio Savings Statute applied there because plaintiff "filed her initial complaint and demanded service before the two-year statute of limitations had expired[.]" *Id.* at 1002. Since Webster obviously intended to serve Spears personally (having made no demand for mail service by the clerk), he would have needed a properly-issued summons in order to do that. But Webster never requested a summons from the clerk until October 15, 2013, well *after* the statute of limitations had expired. It is not enough for Webster to argue that he could not find defendant. While that may be unfortunate, that does not change the law. Further, under Ohio rules, on the day Webster filed the first case, since he claims no knowledge of defendant's address as of that date, he could have sought service by publication.

Had Webster requested service by any of the "methods provided in the Civil Rules," *Schneider*, 1995 WL 737480, at *4, he would have satisfied the "low standard" for "attempted commencement" noted by *Coleman*, that is, "any overt act in pursuance of the litigation[.]" *Coleman*, 46 F. App'x at 771.

In *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 653 N.E.2d 235 (Ohio 1995) syllabus ¶ 2, the Ohio Supreme Court held that "[t]he mere filing of a complaint does not constitute an attempted commencement of an action for purposes of R.C. 2125.04[,]" the savings statute specifically applicable to wrongful death actions in Ohio. This is so because "[s]ervice is too

7

vital a part of commencement of a lawsuit for a party to be deemed to have attempted

commencement without even attempting service." *Id.* at 240 (citing Ohio R. Civ. P. 3(A) and

4(E)). The court went on to explain:

> A savings statute is not to be used as a method for tolling the statute of limitations. *See Lewis v. Connor* (1986), 21 Ohio St. 3d 1, 21 OBR 266, 487 N.E.2d 285. Although this court has held that savings statutes should be liberally construed, the criteria of the statutes must be satisfied in order to prevent circumvention of the statute of limitations and unfairness to defendants never put on notice.
>
> Since the appellants never commenced their first action, the protection provided by R.C. 2125.04 never attached. …

*Id.* In *Sorrell v. Estate of Datko*, 770 N.E.2d 608 (Ohio Ct. App. 2001), the court relied upon this

reasoning, in conjunction with the decision in *Thomas*, to conclude that the Ohio Supreme Court

"would define 'attempt to commence' for purposes of R.C. 2305.19 as filing a complaint and

demanding service prior to the statute of limitations' expiration." *Id.* at 611.

Plaintiff also relies on *Mustric, supra,* and *Shanahorn, supra,* in making his argument

that his "repeated, persistent attempts" to locate defendant for purposes of service are enough.

(Opp'n at 43.) But plaintiff's argument relying on *Mustric* and *Shanahorn* fails to note one very

important nuance in both cases (also recognized in *Thomas* and the other cases cited above): an

"attempt" to commence is defined by both filing the initial complaint and **demanding service** of

that complaint **prior to the expiration of the statute of limitations**. *Mustric*, 2000 WL

1264526, at *5 ("In *Shanahorn* …, [w]e determined that the savings statute applied if the

plaintiff merely attempted to commence the original action within the applicable statute of

limitations.") (quoting *Shanahorn*, 2000 WL 861261, at *5).

Plaintiff filed the first case on the very day the statute of limitations ran. He did not

demand service in any way on that day. Therefore, although the first case was dismissed

8

otherwise than on the merits, plaintiff neither "commenced" nor "attempted" to commence the first case. As a result, plaintiff may not avail himself of Ohio's Savings Statute and defendant is entitled to dismissal of the second case with prejudice.

### III. CONCLUSION

For the reasons set forth above, Ohio Rev. Code § 2309.19 does not apply to this case. Therefore, defendant's motion to dismiss (Doc. No. 7) is **granted** and the case is dismissed with prejudice.


       **IT IS SO ORDERED**.

Dated: March 25, 2016

                                         _____

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**